IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON WITKIN,

Plaintiff,

v.

D. ROSARIO, et al.,

Defendants.

No. 2:20-CV-0126-TLN-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's verified original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's verified original complaint. See ECF No. 1. Plaintiff names the following as defendants: (1) D. Rosario; and (2) S. Hanlon. See id. at 1, 2. Plaintiff claims defendants violated his Fourth Amendment rights by conducting a warrantless search of his cell and then performing a strip search. Plaintiff also claims defendants' conduct violated his right to equal protection under the Fourteenth Amendment because his cell was searched while the cells of other inmates in his unit were not. See id. at 7. For relief, plaintiff seeks monetary damages. See id.

## II. DISCUSSION

In this case, plaintiff complains of Fourth and Fourteenth amendment violations arising from a cell search and strip search. The Court finds plaintiff fails to state any claims for relief and that this action should be dismissed with prejudice.

Plaintiff alleges he was subject to a warrantless cell search in violation of his rights under the Fourth Amendment. This claim is meritless as a matter of law because prisoners have no Fourth Amendment right of privacy in their cells. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984); see also Seaton v. Mayberg, 10 F.3d 530, 534 (9th Cir. 2010) (recognizing a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the continual surveillance of inmates and their cells to ensure security and internal order).

/ / /

/ / /

2

Plaintiff also alleges he was subject to a strip-search in violation of the Fourth Amendment. Generally, strip searches of prisoners do not violate the Fourth Amendment. See Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir. 1988). If, however, the strip search is vindictive, excessive, or harassing, it may be unconstitutional. See Id. at 332. Plaintiff's current pleading does not describe the alleged purpose for or manner of the strip search. To the extent plaintiff can allege facts sufficient to state a claim, he will be provided an opportunity to amend.

Finally, plaintiff contends defendants' conduct violated his equal protection rights under the Fourteenth Amendment because his cell was searched whereas the cells of other inmates in his unit, whom he claims were thus similarly situated, were not. This claim is too vague, and fails to specify the nature of the alleged discrimination. Plaintiff has not described why he believes he was treated differently. Plaintiff does not allege racial discrimination. Nor does he allege discrimination based on religion. Plaintiff will be provided leave to amend to allege additional facts in support of his Fourteenth Amendment claim.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///
///
///

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: April 1, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4